## COURT OF APPEALS,

### May 5, 1914.

## THE PEOPLE v. JOHN FRANZONE

### (211 N. Y. 284.)

ASSAULT—EVIDENCE—DEFENSE THAT DEFENDANT WAS ASSAULTED BY
PLAINTIFF AND THAT ACTS CHARGED IN THE INDICTMENT WERE JUS-
TIFIABLE AND DONE IN SELF-DEFENCE BY DEFENDANT—ERRONEOUS
EXCLUSION OF EVIDENCE SHOWING PREVIOUS ATTACK UPON DEFEND-
ANT BY PLAINTIFF.

When a person was assaulted by another and the question arises
whether he was in danger of inevitable and irreparable injury, and
whether some action was necessary to prevent such injury, its
determination may depend at least to some extent upon what has
occurred between them on a previous occasion (Penal Law, § 42),
and it is error to exclude evidence on the part of defendant that
plaintiff had assaulted him a few days before the assault in ques-
tion.

*People* v. *Franzone*, — App. Div. —, reversed.

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
March 6, 1914, which affirmed a judgment of the Kings
County Court rendered upon a verdict convicting the defend-
ant of the crime of assault in the second degree.

The facts, so far as material, are stated in the opinion.

*Francis L. Corrao* for appellant. The court rejected mater-
ial evidence on the part of the defendant which could not but
have been extremely harmful to his cause. (*People* v. *Strait*, 154
N. Y. 172; *People* v. *Corey*, 148 N. Y. 494; *People* v. *Wood*,
126 N. Y. 255; *People* v. *Shinburne*, 27 App. Div. 426.)    The

exclusion of evidence as to prior threats made and violence done to the defendant constituted reversible error. (*People* v. *Taylor*, 177 N. Y. 246; *Stokes* v. *People*, 53 N. Y. 164; *Jewett* v. *Banning*, 21 N. Y. 27.)

*James C. Cropsey, District Attorney* (*Edward A. Freshman* of counsel), for respondent.

CHASE, J.:

The record shows that the defendant went to Coney Island, where he arrived about 12:30 o'clock on the morning of August 30th, 1913, and that almost immediately upon his arrival he was involved in a fight with three persons, the complainant, Alexander Dunn, his brother, Joseph Dunn, and one Shaw. The defendant was knocked down and bruised by the complainant and his associates and the complainant was stabbed in the back by the defendant.

The testimony of the complainant and his associates is to the effect that the defendant was the aggressor, while the testimony of the defendant, which is slightly corroborated by two other witnesses, is to the effect that the complainant and his associates were the aggressors, and that every act on his part was justifiable and done in self-defense.

The defendant when examined as a witness was asked in regard to having had trouble with the same three persons on the Sunday previous to the occurrence at Coney Island at a place named. The details of the so-called trouble, as claimed by Alexander Dunn, had been recited by him upon his cross-examination as a witness. After the defendant as a witness for himself had testified about the fact of such trouble, the record of the trial continues as follows:

" Q. Tell these gentlemen what was said and what was done? A. The two Dunns (complainant and his brother) and

Mr. Shaw. Mr. Allen (Assistant District Attorney) : I object to it as immaterial, anything that happened the week before. The Court: Sustained. Mr. Corrao (defendant's counsel): Exception."

" An act, otherwise criminal, is justifiable when it is done to protect the person committing it,   *   *   *   from inevitable and irreparable personal injury, and the injury could only be prevented by the act, nothing more being done than is necessary to prevent the injury." (Penal Law, § 42.)

From the record it sufficiently appears that the defendant desired to show that the same persons whom he claimed assaulted him at Coney Island had assaulted him in Brooklyn a few days before. Such evidence was competent as bearing upon the question whether the defendant has reason to believe and did believe that he was in danger of inevitable and irreparable personal injury at the time of the occurrences described.

When a person is assaulted by another and the question arises whether he is in danger of inevitable and irreparable personal injury, and whether some action is necessary to prevent such injury, its determination may depend at least to some extent upon what has occurred between them on a previous occasion.

The defendant was entitled to show what was said and done by the complainant and his two friends on the previous Sunday. Its rejection in this case requires that a new trial be ordered. (*People* v. *Taylor*, 177 N. Y. 237.)

The judgment of conviction should be reversed and a new trial ordered.

WERNER, HISCOCK, COLLIN and HOGAN, JJ., concur; CUDDEBACK, J., dissents; WILLARD BARTLETT, Ch. J., absent.

Judgment of conviction reversed, etc.